MATHEWS, Justice.
It appears from the petition that the relator owns a fronton in Miami, Florida. The respondents are members of the Florida Racing Commission and together constitute the Florida State Racing Commission, a state agency. The real party in interest appears to be Monro Operating Company, Inc., a Florida corporation, which corporation is in the process of constructing a racing fronton in Broward County, Florida, and a permit as provided for by the statute 550.05 F.S., F.S.A., and related statutes, was issued by the Florida State Racing Commission to Monro Operating Company, Inc., on the 11th day of July, 1953.
The purpose of this action is to coerce the Florida Racing Commission to take official action and rescind and cancel the permit heretofore issued by it.
The issuance of the alternative writ depends upon the construction to be placed upon Section 551.12, Florida Statutes, and Chapter 550, Florida Statutes, same F.S.A.
The petition for alternative writ shows that the distance between the Miami fron-ton and the one in Broward County is 18% miles measured in a horizontal plane on a straight line from one location to the other. The petitioner does not allege that the distance between the two plants is less than 20 miles when measured by “road travel via most practical route”, Section 550.05, Florida Statutes. In the absence of such a showing, the petitioner has failed to make out a prima facie case justifying the issuance of the alternative writ.
This is so because Section 551.12, Florida Statutes, F.S.A., provides, “All other pertinent provisions of chapter 550 of the Florida Statutes dealing with * * * the operators of dog racing tracks and dealing with the location thereof * * * not inconsistent with the express provisions of this chapter shall be construed to relate to and govern the state racing commission and the operators of any fronton and the location thereof * * *; provided, however, that in no event shall any jai alai fronton be licensed to operate within twenty miles of a fronton already licensed.” (The emphasis is supplied.) Chapter 550, and Section 550.05 thereof, which is a part of and must be construed in connection with Section 551.12, supra, prescribes the method of measurement of distances between dog tracks and also' frontons to be “miles road travel via most practical route of another location for which a permit has been issued and a racing plant located, except that permits heretofore issued and ratified by a majority of the voters of any county shall not be affected by this proviso.”
There is nothing before the court to show that the proposed plant is less than 20 miles from the existing plant when measured in the manner prescribed by Section 550.05, supra. Having failed to make a violation of the statute clearly to appear, the petition fails to show a prima facie right to the alternative writ, and the petition for same is hereby denied.
ROBERTS, C. J., and HOBSON and BUFORD, JJ., concur.