JOE MARRS *vs.* LEON BARBEAU.

Hampden.   September 25, 1957. — December 4, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Aircraft. Aeronautics. Sale,* Recording, Transfer of title, Of aircraft. *Attachment. Personal Property,* Transfer of title, Aircraft. *Bona Fide Purchaser. Conversion. Error,* Whether error harmful. *Practice, Civil,* Requests, rulings and instructions. *Words,* "Conveyance."

Recording of an attachment of an airplane with the civil aeronautics administration is not required by U. S. C. (1952 ed.) Title 49, § 523, and therefore a failure to record an attachment does not affect its validity. [419]

An attachment of an airplane is not a "conveyance" thereof within U. S. C. (1952 ed.) Title 49, §§ 401 (18), 523. [419–420]

A refusal on an erroneous ground to give a ruling requested by the defendant in an action that he "acted legally and properly" did not harm him where the plaintiff was entitled to recover apart from that ground. [420]

Upon sale of an airplane without recording of the bill of sale with the civil aeronautics administration, followed successively by an attachment of the airplane in an action against the purchaser, the obtaining from the seller by the purchaser by fraud of a second bill of sale of the airplane which ran to a certain corporation and was duly recorded, and a transfer of the airplane by the corporation to a bona fide purchaser for value who had no knowledge of the first sale or the attachment and duly recorded his bill of sale, the bona fide purchaser by reason of

U. S. C. (1952 ed.) Title 49, § 523 (c), obtained a good title to the airplane as against the original purchaser and the attaching creditor and deputy sheriff claiming through the original purchaser, whether or not the corporation was a bona fide purchaser. [420–421]

The provision of U. S. C. (1952 ed.) Title 49, § 521 (f), that "Registration shall not be evidence of ownership of aircraft in any proceeding in which such ownership by a particular person is, or may be, in issue," was immaterial to a determination of the title and rights, under § 523, of a registrant of an airplane as a bona fide purchaser thereof for value by a duly recorded bill of sale as against persons claiming through a prior purchaser whose bill of sale was unrecorded. [421–422]

There was a conversion of an airplane by a deputy sheriff where it appeared that after he had attached the airplane in an action against a purchaser thereof by an unrecorded bill of sale another person acquired good title to the airplane under U. S. C. (1952 ed.) Title 49, § 523, and the right to immediate possession as a bona fide purchaser for value by a recorded bill of sale, and that the deputy sheriff subsequently refused the bona fide purchaser's demand for the airplane and sold it on execution. [422]

TORT. Writ in the District Court of Springfield dated October 15, 1954.

The action was heard by *Noonan, J.*

*Edward B. Landis*, for the defendant.

*Frederick S. Pillsbury*, for the plaintiff.

SPALDING, J. The plaintiff brought this action of tort in a District Court for the alleged conversion of an airplane by the defendant. The judge found for the plaintiff, and a report to the Appellate Division was dismissed. The defendant appealed.

On the basis of facts agreed to by the parties, supplemented by evidence, the judge found as follows: Prior to January 7 or 8, 1953, a Massachusetts corporation, Springfield Feeder Lines, Inc. (hereinafter called Feeder), was the owner of a certain Lockheed airplane. The airplane was registered in the name of Feeder as owner with the "Recordation Branch of the Civil Aeronautics Administration, Washington, D. C." (For convenience the Administration will be referred to hereinafter as C. A. A.)

On January 6, 7, or 8 one Rudich purchased the airplane from Feeder, but the sale was never recorded by him with C. A. A.

On January 9, 1953, the defendant, a deputy sheriff for the county of Hampden in this Commonwealth, attached the airplane on a capias writ, dated that day, in an action of law brought by Hawthorne Management Company, Inc. (hereinafter called Hawthorne), against Rudich. The airplane, which was not in a condition to be flown, was chained to the ground by the defendant and subsequently removed to a hangar. "The attachment was made in accordance with the laws of the Commonwealth." The defendant did not record the attachment with C. A. A.

On or about February 10, 1953, a bill of sale of the airplane, on a form prescribed by C. A. A., was executed and delivered by Feeder to Margal Aviation Corporation (hereinafter called Margal), the purchaser named therein. The transfer was duly recorded with C. A. A. and the airplane was registered by C. A. A. in the name of Margal as owner. Rudich obtained this bill of sale from Feeder by falsely representing to it that the instrument was a certificate stating that the airplane was not subject to any liens or encumbrances.

On March 15, 1954, the plaintiff purchased the airplane from Margal for $5,000 and received from it a bill of sale. The bill of sale was recorded by the plaintiff with C. A. A. and on March 23, 1954, the airplane was duly registered by C. A. A. in the name of the plaintiff as owner. At the time the plaintiff purchased the airplane he had no knowledge of the sale from Feeder to Rudich; nor did the plaintiff know of the attachment of the airplane made by the defendant on January 9, 1953.

On April 20, 1954, the plaintiff, through his attorney, made a written demand on the defendant to release the airplane from attachment, but this was not done. On August 3, 1954, the defendant sold the airplane under an execution obtained by Hawthorne in its action against Rudich.

Numerous requests for rulings were presented to the judge and the questions for decision arise out of his action with respect to some of them.

Under the civil aeronautics act of 1938 it is provided that

"(a) The Administrator [of Civil Aeronautics] shall establish and maintain a system for the recording of each and all of the following: (1) Any conveyance which affects the title to, or any interest in, any civil aircraft of the United States . . . ." U. S. C. (1952 ed.) Title 49, § 523. Subsection (c) of § 523, so far as here material, reads: "No conveyance the recording of which is provided for by subsection (a) (1) of this section . . . shall be valid in respect of such aircraft . . . against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Administrator. For the purposes of this subsection such conveyance or other instrument shall take effect from the time and date of its filing for recordation, and not from the time and date of its execution."

It is apparent that the trial judge decided the case on the theory that the attachment made by the defendant was invalid because of his failure to record it with C. A. A.[1] The Appellate Division, it seems, also adopted that theory. We are of opinion that the finding for the plaintiff cannot be supported on this ground. We find nothing in § 523 that could be construed as requiring the recording of the attachment. The statute requires the recording of "Any conveyance which affects the title to, or any interest in, any civil aircraft of the United States." Attachments are not mentioned and if they are to be included in the statute it is necessary to say that they are tantamount to conveyances. In the absence of a binding decision of the United States courts — and we have found none — we decline to place such a construction on the statute. The definition of "conveyance" under U. S. C. (1952 ed.) Title 49, § 401 (18), as

[1] The defendant's seventh request for ruling was, "The defendant in this action . . . acted legally and properly in his capacity as deputy sheriff . . . in attaching said airplane and selling it under execution issued by the . . . Superior Court in the action of Hawthorne Management Company, Inc. *vs.* Alfred H. Rudich." The judge denied the request for the reason that "the defendant failed to record his attachment with the Civil Aeronautics Administration."

meaning "a bill of sale, contract of conditional sale, mortgage, assignment of mortgage, *or other instrument affecting title to, or interest in, property*" (emphasis supplied) does not affect this conclusion. Obviously, under familiar principles of statutory construction the italicized words refer to transactions similar in nature to those enumerated. *Babcock Davis Corp.* v. *Paine,* 240 Mass. 438, 441. *Assessors of Springfield* v. *Commissioner of Corporations & Taxation,* 321 Mass. 186, 193.

Although the judge in denying the defendant's seventh request did so on an erroneous ground, the ruling, nevertheless, did not harm the defendant. As will presently appear, the plaintiff, on the facts found, was entitled to recover for a reason quite apart from the defendant's failure to record the attachment.

The attachment of the airplane by the defendant secured for the attaching creditor the interest of Rudich, the judgment debtor. If no other rights were involved there can be no doubt that the attachment and subsequent execution sale could not have been challenged by either Feeder, the seller, or Rudich, the purchaser. As between them title passed to Rudich and his interest was reached by the attachment, which, according to the findings, was valid under the laws of this Commonwealth. But the matter did not end in that way. Feeder, through the fraud of Rudich, gave a bill of sale of the airplane to Margal, and this transaction was duly recorded with C. A. A. Thereafter the airplane was transferred by Margal to the plaintiff, a bona fide purchaser, who recorded the bill of sale with C. A. A. By leaving the record title in Feeder, Rudich gave Feeder a power to transfer title to a bona fide purchaser. Section 523 (c) makes this clear. Whether Margal was such a bona fide purchaser we do not know, but once Margal had record title, it likewise had power to transfer title to a bona fide purchaser, and on this record the plaintiff was such a person. Rudich had a title good as between himself and Feeder. But it was a defeasible title and ceased to exist when Feeder or in any event when Margal exercised the power conferred by

statute to put title in another. The attachment likewise fell, for the attaching creditor stood in Rudich's shoes. See *Norton* v. *Babcock,* 2 Met. 510, 512; *Wilson* v. *Kruse,* 270 Ill. 298, 301.

We recognize that the result here is a harsh one because an attachment valid when made must yield to a subsequent purchaser due to the failure of the first purchaser (and through no default or neglect of the defendant) to record his bill of sale. But we see no escape from this under § 523. It follows that the judge did not err in denying the defendant's requests numbered 1, 6, 9, 10, 12, 13, and 15. In substance these asked the judge to rule that the plaintiff had no title in the airplane or right to possession thereof; that the execution sale by the defendant was valid; and that a finding for the plaintiff was not warranted.

The judge denied the defendant's requests numbered 4 and 5, which read as follows: "4. Registration of the said airplane by the plaintiff, Joe Marrs, under Federal law (U. S. C. A. Title 49, § 521) is not evidence of ownership of the said airplane in this action of Joe Marrs *vs.* Leon J. Barbeau, this being an action in which the ownership of said airplane by a particular person is in issue. 5. The registration of said airplane by Joe Marrs with the Civil Aeronautics Administration on or about March 23, 1954, has no legal effect in the determination of this action for conversion of said airplane by Joe Marrs *vs.* Leon J. Barbeau."

In U. S. C. (1952 ed.) Title 49, § 521, there are provisions for the registration of airplanes in the names of the owners by the Administrator of Civil Aeronautics, and for the issuance by him of certificates of registration. In subsection (f) of § 521 it is provided that "Registration shall not be evidence of ownership of aircraft in any proceeding in which such ownership by a particular person is, or may be, in issue." The defendant no doubt was entitled to the rulings requested, if material, as they were correct statements of the law. But we are of opinion that the judge could have denied them as not being material. Nothing in the decision of this case turns on registration. We base our decision on

the superior right acquired by the plaintiff under § 523. The defendant would have us construe subsection (f) of § 521 as meaning that we cannot consider the provisions of § 523 in determining the rights of the parties. This contention is untenable. Section 521 deals with registration and § 523 deals with recordation — a very different matter — and each has its place in the statutory scheme independent of the other.

The contention that the defendant .did not convert the airplane requires but a word or two. On the findings of the judge and the law applicable to the case, the plaintiff, when he demanded the airplane from the defendant on April 20, 1954, had title to the airplane and the right to the immediate possession of it. By refusing to turn it over after demand, the defendant, on elementary principles, became a converter. *Bacon* v. *George*, 206 Mass. 566, 570. *Atlantic Finance Corp.* v. *Galvam*, 311 Mass. 49. *Marshall Vessels, Inc.* v. *Wright*, 331 Mass. 487, 489. The defendant's eleventh request to the effect that the defendant did not convert the airplane was rightly refused.

*Order dismissing report affirmed.*