112 So.2d 825 (1959)
STATE of Florida on relation of FLORIDA JAI ALAI, INC., Petitioner,
v.
STATE RACING COMMISSION et al., Respondents.
Supreme Court of Florida.
April 3, 1959.
Rehearing Denied May 27, 1959.
*826 J. Lewis Hall, of Hall, Hartwell & Douglass, Tallahassee, John H. Gunn, Hubert H. Hevey, Jr., and George John Miller, Miami, for petitioner.
Richard W. Ervin, Atty. Gen., George E. Owen, Asst. Atty. Gen., and George F. Gilleland, Miami, for respondents.
Hoffman, Kemper & Johnson, Carl T. Hoffman, Miami, and Steed, Steed & Urban, Orlando, for amicus curiae.
HOBSON, Justice.
Florida Jai Alai, Inc., has filed a petition for alternative writ of mandamus, requesting that the respondent State Racing Commission of Florida, et al., be directed to issue a permit to the relator which would entitle it to operate a jai alai fronton in Seminole County, Florida. This court issued the alternative writ of mandamus and in due course the respondent filed an answer and return to the same.
The facts are relatively simple and not disputed. On June 26, 1958, Florida Jai Alai, Inc., filed an application for a permit to operate a jai alai fronton in Seminole County with the State Racing Commission. The Commission, at a meeting held on August 11, 1958, found that the relator in its application for the permit had fully met all of the requirements of Chapter 551, Florida Statutes, F.S.A., and the requirements of the rules and regulations of the Commission.
The Commission further found that, pursuant to § 551.12 of the Florida Statutes, F.S.A., no election was required in Seminole County, inasmuch as the necessary elections had been held in that county in which a majority of the voters voted in favor of the operation of more than one horse or dog track. In addition, the Commission found that the location proposed by the relator is within 20 miles of an already licensed dog racing track, but not within 20 miles of an already licensed jai alai fronton.
The Commission was of the belief that this court's opinion in the case of Florida State Racing Commission v. McLaughlin, Fla. 1958, 102 So.2d 574, 575, raises some doubt as to whether § 551.12 and § 550.05, when construed together, prohibited licensing of a fronton within 100 miles of an already licensed racing plant.[1]
*827 The Commission, after making the above findings and expressing its opinion as to the effect of the McLaughlin case, denied the application of Florida Jai Alai, Inc.,
"on the sole ground that Section 551.12 of the Florida Statutes might be construed to preclude the Commission from licensing the operation of a jai alai fronton within twenty (20) miles of an already licensed racing plant."
The statutes involved are Section 551.12 (Fronton law) and Section 550.05 (Dog and Horse racing law).
Section 551.12, Florida Statutes, F.S.A., provides in part:

"All other pertinent provisions of chapter 550, dealing with the powers, duties and liabilities of the state racing commission and of the operators of dog racing tracks and dealing with the location thereof and with the issuance and granting of permits and licenses to conduct dog racing not inconsistent with the express provisions of this chapter shall be construed to relate to and govern the state racing commission and the operators of any fronton and the location thereof and the issuance and granting of permits and licenses for the operation of frontons under the provisions of this chapter as fully as if the same were herein expressly set out; provided, however, that in no event shall any jai alai fronton be licensed to operate within twenty miles of a fronton already licensed." (Emphasis supplied.)
Section 550.05, Florida Statutes, F.S.A., provides in part:
"Upon all applications filed and approved a permit shall be issued to the applicant setting forth the name, the location of the race track, the kind of racing desired * * *; and provided further that no application shall be considered and no permit shall be issued by the racing commission nor voted upon in any county to conduct running horse races, harness horse races or dog races at a location within one hundred miles road travel via most practical route of another location for which a permit has been issued and a racing plant located, * * *."
The relator, respondent and amicus curiae all agree that under our statutes: (a) Permits for the conduct of horse races, harness horse races or dog races cannot be issued for a location within 100 miles road distance of another racing plant. Thus, a dog racing track permit cannot be issued for a location within 100 miles of a harness horse racing, horse racing or another dog racing plant.[2]
(b) A jai alai fronton permit cannot be issued for a location within 20 miles road distance of an already licensed jai alai fronton.[3]
The dispute between the parties arises out of the answer to the question whether or not there is a statutory requirement which prohibits a jai alai fronton from being licensed to operate within a given distance of any already licensed dog or horse racing plant and, if so, what is said distance requirement?
The primary problem before us is one of statutory construction. The rules governing such construction were adequately set forth in the McLaughlin case, supra, 102 So.2d 574, 575.
"`It is elementary that the function of the Court is to ascertain and give effect to the Legislative intent in enacting a statute.
"`In applying this principle certain rules have been adopted to guide the *828 process of judicial thinking. The first of these is that the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the Court is to effectuate this legislative intent.
"`This rule is subject to the qualification that if a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the Court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent.
"`When construing a particular part of a statute it is only when the language being construed in and of itself is of doubtful meaning or doubt as to its meaning is engendered by apparent inconsistency with other parts of the same or a closely related statute that any matter extrinsic the statute may be considered by the Court in arriving at the meaning of the language employed by the Legislature.'"
We see then that one of the cardinal rules of statutory construction is that where the language of a statute is so plain and unambiguous as to fix the legislative intent and leave no room for construction, admitting of but one meaning, courts in construing it may not depart from the plain and natural language employed by the legislature.[4]
An examination of § 551.12 in the light of the above legal principles leads us to the conclusion that its plain language does not preclude a jai alai fronton permit from being issued for a location within 20 miles of an existing dog racing track. Such a construction gives effect to the unambiguous language of § 551.12:
"All other pertinent provisions of chapter 550 * * * not inconsistent with the express provisions of this chapter shall be construed * * * to govern the * * * commission and the operators of any fronton and the location thereof * * * as if the same were herein expressly set out; provided, however, that in no event shall any jai alai fronton be licensed to operate within twenty miles of a fronton already licensed." (Emphasis supplied.)
We thus see that the establishment and operation of jai alai frontons in this state are governed by the provisions of Chapter 550, relating to dog and horse racing, except as such provisions are inconsistent with the express provisions of Chapter 551.[5] Section 550.05 contains a distance provision specifically designed to apply to racing plants. However, this distance requirement cannot be applied to frontons because § 551.12 contains a distance provision specifically applicable to jai alai frontons. In the proviso of § 551.12 the legislature has clearly expressed itself on the general subject of distance requirements applicable to frontons and, having thus spoken, it has precluded the application of the distance requirements of Chapter 550 to jai alai frontons.
One of the amicus curiae takes the position that the use of the term "location thereof" in § 551.12 indicates a legislative intent to make the distance provision of § 550.05 applicable to jai alai frontons. It is implied that any other interpretation of the statute would destroy the plain meaning of the term "location thereof". We cannot agree. We believe that, since the term "location thereof" can *829 only be given meaning within the context of the sentence in which it is used, it cannot be given a meaning which would be inconsistent with the express provisions of § 551.12. One way of giving effect to the term "location thereof" which is not inconsistent with the express distance provisions of § 551.12 can be gleaned from an examination of the analogous case of State ex rel. Fronton Exhibition Co. v. Haggard, Fla. 1953, 67 So.2d 205.[6] In the Haggard case we applied the road distance method of measuring distance set forth in § 550.05 to the distance limitation of § 551.12. Thus the term "location thereof" can be taken to mean that the method of measuring distance provided in Chapter 550 should be applied to determine the location of frontons. Such an interpretation permits us to give effect to both the term "location thereof" and the distance requirement of § 551.12.
Our holding that the plain language of the statute permits but one construction is further buttressed by the fact that the distance requirement of § 551.12 is contained within a proviso of the same sentence which makes consistent provisions of Chapter 550 applicable to frontons.
In interpreting the effect of a proviso it should be remembered that the purpose of a proviso is to either except something from the enacting clause or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation.[7] Thus, the distance provision of § 551.12, by its location and plain language, evidences a clear legislative intent to exempt jai alai frontons from the distance requirements of Chapter 550.
For the reason above stated we hold that a jai alai fronton permit may be issued for a location within 20 miles of an existing dog racing plant, provided it is not within 20 miles of an existing jai alai fronton.
Before leaving the field of distance requirements we do not believe it amiss to suggest that those who desire a uniform distance requirement which would be applicable to all "pari-mutuel" establishments without regard to the nature of the contest involved can and should seek the legislative assistance necessary to accomplish this aim.
By an amended answer and return, filed on the day this case was orally argued, respondents for the first time raised a question as to the jurisdiction of the racing commission to issue the permit requested by the relator. The racing commission in its order found that the relator had met all the various requirements for issuance of a permit except that of location. In spite of this finding the respondent now contends that the facts disclose a possibility that the election requirement of F.S. § 551.12, F.S.A., has not been complied with. The first sentence of § 551.12 provides:
"No election provided for by chapter 550 shall be required as a condition precedent to the granting of a permit for the operation of a fronton of jai alai or pelota in any county wherein elections have heretofore been held in which a majority of the electors in such elections voted in favor of the operation of more than one horse or dog race track." (Emphasis supplied.)
Only two election have been held in Seminole County wherein the people were given the opportunity to vote to either ratify or reject the operation of more than one horse or dog race track. One election was held for the ratification or rejection *830 of a permit to conduct a dog racing plant and the other to conduct a harness horse racing plant. In both elections the electors voted in favor of the permits. However, after the favorable vote ratifying a permit to conduct harness racing, this court, in the case of Florida State Racing Commission v. McLaughlin, Fla., 102 So.2d 574, prevented the issuance of the permit on the ground that the proposed race track was within 100 miles of another racing plant, in violation of § 550.05.
The respondent racing commission currently takes the position that, since the harness horse racing track permit was unlawfully issued, the vote of a majority of the electors of Seminole County ratifying it was a nullity and thus the requisite "elections" have not been held.
We believe such an interpretation is not consistent with the language of § 551.12. Said statute, by its language, merely requires that there shall have been "elections" in which a majority of the electors have voted in favor of the operation of more than one race track in the county. The essence of the statute is the expression of the will of the electors of the county in favor or against racing tracks, not the issuance of valid permits. Therefore a subsequent holding that a permit, which has been approved by the voters, cannot be issued does not alter the fact that the people of Seminole County have voted in favor of the operation of more than one horse or dog racing track.
For the reasons above stated the respondent commission should have granted the application of the relator and issued the permit requested, and the Clerk is hereby instructed to issue a peremptory writ of mandamus in accordance with the commands of the alternative writ.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] The McLaughlin case, supra, turned upon the question: "Does Section 550.05, Florida Statutes [F.S.A.], forbid the operation of a harness horse racing track within one hundred miles of a dog racing track?"

Prior to this decision the Racing Commission had interpreted the distance requirements of § 550.05 to be a limitation only upon the location of racing plants "of the same kind". Under this administrative construction a dog track could be located within 100 miles of another type of racing plant such as a harness racing plant, but not within 100 miles of another dog track.
In the McLaughlin case this court held that, under § 550.05 prohibiting permits to conduct running horse races, harness horse races or dog races within 100 miles of another for which a permit has been issued and racing plant located thereon, the term "racing plant" is not to be read as if the words "of the same kind" had been added. For this reason a permit for harness horse racing could not be issued for a location within 100 miles of an existing dog racing plant.
[2] See Florida State Racing Commission v. McLaughlin, Fla., 1958, 102 So.2d 574.
[3] See State ex rel. Fronton Exhibition Co. v. Haggard, Fla., 1953, 67 So.2d 205.
[4] See Wagner v. Botts, Fla. 1956, 88 So.2d 611, 613; Gough v. State ex rel. Sauls, Fla. 1951, 55 So.2d 111.
[5] See Fronton, Inc. v. Florida State Racing Commission, Fla. 1955, 82 So.2d 520.
[6] The Haggard case involved the application for a fronton permit at a location within 18 1/2 miles of an existing fronton, when measured in a straight line from the existing fronton to the location of the proposed fronton. This court held that the distance between frontons should be measured by road travel over the most practical route and not by a straight line method.
[7] Perry v. Larson, 5 Cir., 1939, 104 F.2d 728.