143 So.2d 657 (1962)
JAMES TALCOTT, INC., Appellant,
v.
BANK OF MIAMI BEACH, Appellee.
No. 61-761.
District Court of Appeal of Florida. Third District.
August 7, 1962.
Rehearing Denied August 27, 1962.
*658 Don G. Nicholson, Miami, for appellant.
Richard H. Olsen, Von Zamft & Kravitz and Manker & Gale, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
The subject matter of this appeal is the sum of approximately $10,000, which represents the net proceeds of a receiver's sale of an aircraft in a chattel mortgage foreclosure suit. The appellant James Talcott, Inc. (Talcott hereafter) and the appellee Bank of Miami Beach (bank hereafter) held separate mortgages, and each claimed priority. The record on appeal is a stipulated statement, as provided for by rule 3.6, subd. h, F.A.R., 31 F.S.A.
The bank sued to foreclose mortgages on certain aircraft, including one on which Talcott also held a mortgage. The chancellor held that the bank's mortgage had priority over the Talcott mortgage. On this appeal Talcott contends the chancellor misinterpreted the applicable federal recordation statute. Talcott argues it has priority over the bank's mortgage through being a subsequent purchaser for value without notice.
The bank received its mortgage on the aircraft on December 5, 1958. Talcott acquired its mortgage on March 18, 1959. The bank's mortgage was recorded with the Federal Aviation Agency the next day, March 19, 1959. Prior to recordation, neither had notice of the other's mortgage. The Talcott mortgage was recorded later, in September of 1959.
The federal recordation act (49 U.S.C.A. § 1403), with Florida legislative sanction (§ 329.01, Fla. Stat., F.S.A.), establishes a system for recordation of instruments relating to aircraft, and provides that until recorded, such instruments will not be valid in respect to the aircraft against "any person" other than the parties to the instrument and their privies "or any person having actual notice thereof."[1]
*659 The chancellor gave the bank priority over Talcott by virtue of the fact that when the two mortgages ultimately were recorded with the federal agency the one issued first, that is the bank's mortgage, was the first one recorded.
By the plain language of the federal statute, neither the bank's mortgage nor Talcott's mortgage were valid with respect to the aircraft, as against the other, until recordation with the Federal Aviation Agency, as neither party was grantee or privy to the grantee of the other or had notice of the other's mortgage lien. Thus, while Talcott holding the mortgage issued second was unaffected by the existence of the earlier unrecorded mortgage  until the latter was recorded  by force of the same statute, Talcott's later mortgage was ineffective with reference to the aircraft against the holder of the earlier mortgage until Talcott should record its mortgage. See Marrs v. Barbeau, 336 Mass. 416, 146 N.E.2d 353. Therefore, the priorities were established when the bank recorded its mortgage prior to the time that the Talcott mortgage was placed of record.
The appellant contends that the federal statute should be construed as though it had said such unrecorded instruments would be valid against all except subsequent creditors, and subsequent purchasers for value without notice. In support of that contention appellant points to the changed language, following amendment, to the effect that the validity or effectiveness of any instrument required to be recorded thereunder would take effect only from the date or time of recordation and not from the date of execution. We can not agree that the amendment had the effect contended for it by the appellant. The meaning urged by appellant, that recordation concerns only others (without notice) who are subsequent purchasers and creditors, can not be accorded the statute, no matter how much it may seem the legislation should have been differently worded to so provide. The statute is clear and unambiguous, and we are not free to add words to steer it to a meaning and limitation which its plain wording does not supply. See Vocelle v. Knight Brothers Paper Company, Inc., Fla.App. 1960, 118 So.2d 664, 667; State ex rel. Florida Jai Alai, Inc. v. State Racing Commission, Fla. 1959, 112 So.2d 825, 828; Atlantic Coast Line R. Co. v. Boyd, Fla. 1958, 102 So.2d 709; Osborne v. Simpson, 94 Fla. 793, 114 So. 543; 30 Fla.Jur., Statutes, §§ 78, 79. It follows that the language and effect of the statute operated on both mortgages. Where it made the intitial mortgage ineffective against the later mortgage until recordation of the first, likewise its provisions made the second ineffective as to the earlier, until recordation of the second.
We conclude that in determining the chattel mortgage priorities as between the bank and Talcott with respect to the aircraft involved the chancellor was eminently correct, and that the decree appealed from should be and hereby is
Affirmed.
BARKDULL, J., dissents.
NOTES
[1] "§ 1403. [Title 49, U.S.C.A.] Recordation of aircraft ownership  Establishment of recording system

"(a) The Administrator shall establish and maintain a system for the recording of each and all of the following:
"(1) Any conveyance which affects the title to, or any interest in, any civil aircraft of the United States;
* * * * *
"(b) The Administrator shall also record under the system provided for in subsection (a) of this section any release, cancellation, discharge, or satisfaction relating to any conveyance or other instrument recorded under said system.
"(c) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft, aircraft engine or engines, propellers, appliances, or spare parts against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Administrator: * * *
"(d) Each conveyance or other instrument recorded by means of or under the system provided for in subsection (a) or (b) of this section shall from the time of its filing for recordation be valid as to all persons without further or other recordation, except that an instrument recorded pursuant to subsection (a) (3) of this section shall be effective only with respect to those of such items which may from time to time be situated at the designated location or locations and only while so situated: * * *
* * * * *
"(f) The Administrator shall keep a record of the time and date of the filing of conveyances and other instruments with him and of the time and date of recordation thereof. He shall record conveyances and other instruments filed with him in the order of their reception, in files to be kept for that purpose, and indexed according to 
"(1) the identifying description of the aircraft, aircraft engine, or propeller, or in the case of an instrument referred to in subsection (a) (3) of this section, the location or locations specified therein, and
"(2) the names of the parties to the conveyance or other instrument."