QUESTION: May counties or municipalities levy personal property taxes on moving and storage companies holding certificates of public convenience and necessity from the Public Service Commission?
SUMMARY: The personal property of motor carriers or moving and storage companies holding a certificate of public convenience and necessity from the Public Service Commission, other than their motor vehicles and property temporarily held or stored for others and not held for sale or lease to customers, is not exempt from ad valorem taxation by the counties and municipalities under s. 323.15(6), F.S., but is by the terms thereof made subject to ad valorem taxation by the counties and municipalities within which the property is located. Your question is answered in the affirmative. Pursuant to Ch. 323, F.S., the licensing and regulation of motor carriers (including moving and storage companies) is vested in the Florida Public Service Commission with certain exceptions not material to the instant question. Cf., AGO's 075-137 and 075-72. Section 323.15, F.S., imposes a compensatory road tax (see s. 323.25, F.S.) upon all motor carriers for each motor vehicle controlled by such motor carriers which travels over the public highways of the state. Section 323.15(6) provides: The road tax provided for in this section shall be in lieu of all other taxes and fees of every kind, character and description, state, county or municipal, including excise and license taxes levied or imposed against such motor carriers, or the operation of such business and facilities thereof, or their property, except ad valorem taxes levied upon the property other than motor vehicles of such motor carriers, the gasoline tax and motor vehicle fuel tax, the motor vehicle license tax now or hereafter provided for by law, the sales tax imposed by chapter 212 and the income tax imposed by chapter 220. (Emphasis supplied.) The italicized exception or proviso in s. 323.15(6), F.S., operates to take out or except from the tax and fee exemptions or restraints prescribed in the statute preceding the proviso the designated personal property of motor carriers and has the effect of subjecting the property (real or personal) of such motor carriers, other than the motor vehicles, to ad valorem taxation by counties and municipalities within which the property is located. The purpose of an exception or proviso is to restrain the enacting clause and to except something otherwise within its terms or to exclude some possible ground of misinterpretation. See Cragin v. Ocean and Lake Realty Company, 133 So. 569 (Fla. 1931); State v. State Racing Commission, 112 So.2d 825 (Fla. 1959). In construing a statute, the legislative intent expressed in such provisos must be given effect as well as other parts of the statute. Therrell v. Smith, 168 So. 389 (Fla. 1936). The legislative purpose to make the property of motor carriers, other than their motor vehicles, liable to ad valorem taxation is made manifest by the above-emphasized proviso. That intent as gleaned from the above-quoted statutory language is the law. State v. Knight,124 So. 461 (Fla. 1929); Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969). In sum, s. 323.15(6) does not exempt the personal property of any motor carriers duly certificated by the Public Service Commission from ad valorem taxation by the counties and municipalities. However, personal property such as inventory temporarily held or stored for others and not held for sale or lease to customers by certificated moving and storage companies (see s. 192.032, F.S.) is not subject to ad valorem taxation.