QUESTION: Does an examinee have the right to inspect the results of a completed civil service promotional examination, including questions and answer sheets, after the examination has been completed?
SUMMARY: An examinee has the right to inspect the results of a completed civil service promotional examination, including questions and answer sheets, after the examination has been completed. Section 119.01, F. S., as amended, states that "[i]t is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person." Section 119.07(1) and (2)(a), F. S., provides: (1) Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. Unless otherwise provided by law, the fees to be charged for duplication of public records shall be collected, deposited, and accounted for in the manner prescribed for other operating funds of the agency. (2)(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1). The examination questions and answer sheets are public records which must be made available for public inspection and examination unless made confidential by law. Accord: Attorney General Opinion 074-259. Section 119.07(2)(c), F. S., exempts from the mandatory inspection provisions of s. 119.07(1) the following: (c) Examination questions and answer sheets of examinations administered by a governmental agency for the purpose of licensure, certification, or employment. . . . However, an examinee shall have the right to review his own completed examination. (Emphasis supplied.) Thus, while the examination questions and answer sheets of examinations administered for purposes of licensing, certification, or employment are in terms exempt from public inspection under s. 119.07(1), F. S., the law reserves unto the examinee the right to review his own completed examination duly administered for such purposes. It is difficult to conceive how a right of review of administered or completed examinations or examination results by an examinee could be meaningful without a corresponding right to review the examination questions in conjunction with the answer sheets. Moreover, the term "examination" has been defined to include the test itself as well as the list of questions asked and the answers, statements, etc., supplied by the person examined. See Random House Dictionary, Unabridged Edition (N.Y. 1967). Section 119.07(2)(c), F. S., contains a proviso which, in legal effect, reserves unto the examinee the legal right to inspect and examine the examination questions administered and his answer sheets, i.e., the completed examination itself as it pertains to him which, by virtue of the proviso, falls within the purview of s. 119.07(1), F. S. In this regard the proviso is a limitation or restraint upon, and an exception from, the confidentiality features of s.119.07(2)(c). See Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); State v. State Racing Commission, 112 So.2d 825 (Fla. 1959). In construing a statute, a court must ascertain and give effect to legislative intent regarding provisos as well as other parts of the statute. Therrell v. Smith, 168 So. 389 (Fla. 1936). Thus, I am of the opinion that, regardless of whether the confidentiality provisions of s. 119.07(2)(c) apply to a civil service promotional examination, an examinee pursuant to s. 119.07(2)(c) nevertheless retains the right to review his own completed examination including the questions administered and their answer sheets. While the Civil Service Board of the City of Hialeah has the authority to promulgate rules and regulations governing procedures for administering examinations, it has no authority to adopt a rule which adds to or subtracts from or in any way alters the provisions of Ch. 119, F. S. The Public Records Law specifically provides that exceptions to s. 119.07(1) may be provided for by law. In the absence of a statute authorizing public agencies to adopt rules regarding confidentiality of records, such a rule may not validly be adopted if the effect of the rule is to alter s.119.07(1) in any way. See Industrial Foundation of the South v. Texas Industrial Accident Board, 19 Texas Supreme Court Journal 417, July 21, 1976. The Texas Supreme Court observed the following in Industrial Foundation of the South, supra, at 422, regarding a confidentiality rule which went beyond the scope of Texas' Open Records Law: Many statutes make various records kept by state agencies confidential. See, e.g., TEX. REV. CIV. STAT. ANN. art. 695j-1, s. 10 (Supp. 1975-1976); art. 5547-12a (Supp. 1975- 1976); and art. 4445c. s. 4 (Supp. 1974). It is clear that the records covered by these statutes fall within Section 3(a)(1)'s exception for records made confidential by statute. While a rule may have the force and effect of a statute in other contexts, we do not believe that a governmental agency may bring its information within exception 3(a)(1) by the promulgation of a rule. To imply such authority merely from general rule-making powers would be to allow the agency to circumvent the very purpose of the Open Records Act. Absent a more specific grant of authority from the Legislature to make such a rule, the rule must yield to the statute. (Emphasis supplied.) Since no charter act or special law grants to the civil service board authority to promulgate rules regarding confidentiality of examinations and answer sheets, the provisions of s. 119.07(1) and (2), F. S., apply and require the board to permit examinees to review their own completed examinations, including questions as well as answer sheets.