STATE OF FLORIDA ex rel., FRED H. DAVIS, Attorney General, *Relator*, v. C. L. KNIGHT, Liquidator of Citizens Bank and Trust Company of Tampa, Florida, *Respondent*.

Division A.

Opinion filed November 13, 1929.

*Watson & Saussy* and *McMullen, Worth & Draper,* for Relator;

*Jackson, Dupree & Cone* and *H. E. Carter,* Assistant Attorney General, for Respondent.

ELLIS, J.—An information in the nature of quo warranto was lodged in this court against C. L. Knight against whom it was charged that he held in possession without right the assets and business of the Citizens Bank & Trust Company, a banking corporation, as liquidator in charge thereof for the purpose of liquidating the same. It is alleged that the "law under which such liquidator claims the right of existence is illegal, void, unconstitutional, con-

trary to precedent, and an established order of things, and against public policy.''

A demurrer was interposed to the information by the respondent who claims that the information is vague and uncertain, contradictory, that the information does not alleged that respondent is usurping either a public office or an office of a private corporation; that the liquidator is merely an employee of the Comptroller; that the allegations of the petition as to the invalidity of the act under which the liquidator exercises his authority are mere conclusions of law and that the liquidator is not an officer but his duties are merely those of a trustee.

An answer was also filed in which it was averred that the Comptroller took possession of the property and business of the banking company in July, 1928, under authority of Section 4167 Rev. Gen. Stats. of Florida as amended by Chapter 13576 Laws of 1929, and in August, 1929, the Comptroller designated and appointed the respondent as liquidator to take charge of the assets and affairs of the corporation under authority of Section 4162, Rev. Gen. Stats. 1920, as amended by Chapter 13576, *supra;* that the Comptroller notified the corporation through its president that he would apply to the court for an order confirming his action; that the order was duly made and entered and the respondent gave the bond required. The answer avers that the liquidator is lawfully in possession of the assets and affairs of the banking corporation and denies that the act under which he is performing his duties is unconstitutional and void.

A replication to the answer was filed but subsequently withdrawn and in place thereof a motion for judgment was interposed. The motion attacks Chapter 13576, *supra,* upon many grounds:

It is contended that the act deals with more than one

unrelated subject in violation of Article III, Sec. 16 of the Constitution; that it is insufficiently entitled; that its title is misleading and that the subject matter of the act relates to "that which is not expressed in its title" all in violation of the same section and article of the Constitution.

It is contended that the Act violates Section 12 of the Declaration of Rights because it permits the "taking of property without due process of law"; that it violates Section 1 of Article XIV of the Amendments to the Constitution of the United States because, as it is claimed, it "abridges unlawfully the privileges and/or immunities of citizens of the state and of the United States, without due process of law and/or permits denial by the state to citizens of the United States, depositors in said bank, the equal protection of the laws;" that it violates Article II of the State Constitution because it attempts to give to an administrative officer of the Executive Department "powers inherent in, and constituting a part of the organic jurisdiction of courts of equity over trusts"; that it violates Article III, Sec. 27 of the Constitution because it provides for the appointment of an officer by some one other than the Governor; that the act fixes no compensation of the office and in many other ways is "contrary to, in violation of, and/or opposed to the organic and/or statutory, and/or constitutional law of the State."

We set forth perhaps in unnecessary fullness the many objections to the act which are urged with such meticulous care in the pleading but which seemed to have escaped the attention of the Legislature when the bill was under consideration by that body if indeed it did not consider the act free from such objections. Chapter 13576, *supra*, is an act to amend certain sections of the Rev. Gen. Stats. relating to corporations for profit and particularly to

banking corporations. All of the sections of the Rev. Gen. Stats. as well as Chapters 7930 and 7935 Laws of 1919 referred to in the act deal with banking corporations.

While the act, Chapter 13576, *supra,* is attacked in its entirety, only Sections 19, 20, 21, 22, 23, 24, 25, and 26 purporting to amend Sections 4162, 4164, 4165, 4166, 4167, 4171 and 4183 of the Rev. Gen. Stats. are applicable to the case at bar, which attacks the authority of the respondent who was appointed by the Comptroller under the provisions of said sections as liquidator in charge of the defunct Citizens Bank & Trust Company.

With the exception of Section 20 of Chapter 13576, which adds a paragraph to Section 4162 Rev. Gen. Stats. making provision for the administration by the Comptroller of the affairs of banking institutions subject to the provisions of Section 4162, *supra,* by the appointment of a "General Liquidator for the administration of the affairs of several or all of the *'instructions'* in liquidation," none of the sections above last mentioned from 19 to 26 inclusive make any material change whatsoever in the language of the sections of the Revised General Statutes which they purport to amend. Merely the word "liquidator" and the phrase "liquidating agency" are substituted for the word "receiver" and the word "receivership," which Section 23 is a mere re-enactment in identical words of Section 4166 Rev. Gen. Stats.

Under the provisions of Chapter 13576, *supra,* the "liquidator" has no more power, exercises no more authority, performs no more functions, has no more of the qualities of a state officer than the receiver provided for by the sections of the Rev. Gen. Stats. which were amended had or exercised.

Under the well recognized and usually observed rules for statutory construction, no purpose to be accomplished

by the amendatory statute in the particular mentioned different from that already existing by the sections amended is discernable further than that which is disclosed by the paragraph added by Section 20 to Section 4162 of the Rev. Gen. Stats. and that purpose is not in this case under investigation as the respondent is not alleged to be a "general liquidator for the administration of the affairs of several or all of the '*instructions*' in liquidation."

The intent of a valid statute is the law and this is ascertained by a consideration of the language of the enactment. The purpose to be accomplished within constitutional limitations is to be considered as controlling and effect given to the act as a consistent and harmonious whole. See Tylee v. Hyde, 60 Fla. 389, 52 So. R. 968; Snowden v. Brown, 60 Fla. 212, 53 So. R. 548; Davis v. Florida Power Co., 64 Fla. 246, 60 So. R. 759; Ann. Cas. 1914 B 965; State v. Patterson, 67 Fla. 499, 65 So. R. 659; Willis v. S. R. & B. Dist. No. 2, 73 Fla. 446, 74 So. R. 495; Knight & Wall Co. v. Tampa S. L. B. Co. 55 Fla. 728, 46 So. R. 285; State v. Duval Co., 76 Fla. 180, 79 So. R. 692.

In the case of Bryan v. Bullock, 84 Fla. 179, 93 So. R. 182, this Court held that Section 4162, Rev. Gen. Stats. 1920, was not void as being in violation of Article II of the Constitution distributing the powers of the State Government; that

"The section provides for the appointment by the state comptroller, when he shall become satisfied that any state banking corporation has become insolvent and is in default, of a receiver to take charge of the assets and affairs of such bank. Such power vested in the comptroller by the statute is a proper exercise by the Legislature of its police power, and is merely a rule and regulation with which state banks

must comply as a condition upon which the transaction of such a business of banking shall be carried on, and upon which the management and control of such business shall depend.''

* In that case the court said that:

"the Legislature in the exercise of its police power has prescribed certain rules and regulations with which state banks shall comply as conditions upon which the transactions of such a business shall be carried on, and upon which management and control shall depend. These conditions are prescribed in that part of the statute law of this state designated as sub-chapter 1 of division 4, title 3, embracing Sections 4121 to 4206, inclusive, of the Rev. Gen. Stats. 1920, as amended by Chapter 8528, Acts 1921.''

and that:

"We find in these provisions of the statute nothing violative of constitutional limitations.'' See also Bushnell v. Leland, 164 U. S. 684, 41 L. Ed. 598.

In fact the act itself, Chapter 13576, *supra*, affords ample evidence of the absence of any purpose whatsoever on the part of the Legislature in enacting the amendatory act other than changing the name of ''receiver'' to that of ''liquidator'' and providing for the appointment of a ''general liquidator'' if the Comptroller should deem it to be expedient in the event of many bank suspensions or failures. The evidence is supplied by Section 23 of the Act which purports to amend Section 4166 of the Revised General Statutes but which does not amend it at all and merely re-enacts the section retaining the word ''receiver'' although the other portions of the

act had changed the name of such agent to "liquidator." This, so far as the printed and published acts show.

There is no merit in the point that the Citizens Bank & Trust Company possessed any immunity from State regulation and that it may conduct its business free from any supervisory regulation by legislative authority because its charter consists of a special act of the Legislature.

"Banks `are indispensible agencies through which the industry, trade and commerce of all civilized countries are carried on. The business which they transact, though for private profit, is of a pre-eminently public nature and is therefore universally recognized as a proper subject of legislative regulation under the police power of the State." A banking corporation is quasi-public in character and as such is subject to statutory regulation for the protection of the public. See McLaren v. State, 141 Wis. 577, 124 N. W. R. 667, 135 A. S. R. 55, and note, 18 Ann. Cas. 826; Noble State Bank v. Haskell, 219 U. S. 104, 55 L. Ed. 112, 31 Sup. Ct. R. 186, Ann. Cas. 1912 A 487; 32 L. R. A. (N. S.) 1062; Bryan v. Bullock, *supra*.

No principle is better settled than that a special charter to any corporation to engage in a business of a public or quasi-public nature cannot be set up as exempting the institution from that regulation by the State in the exercise of its police power which the public necessity demands. See State ex rel. Triay v. Burr, 79 Fla. 290, text 352, 84 So. R. 61.

The demurrer to the information is sustained and the writ of *quo warranto* quashed.

So ordered.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.