CITIZENS BANK & TRUST COMPANY, a banking corporation, and JOHN A. NEWSOM, as Liquidator of said Citizens Bank & Trust Company, *Plaintiffs in Error*, vs. MILTON H. MABRY, as Liquidator of The Franklin Bank, a banking corporation, *Defendant in Error*.

136 So. 714.

En Banc.

Opinion filed October 2, 1931.

Petition for rehearing denied November 6, 1931.

*Whitaker, Himes & Whitaker,* and *Jackson, Dupree & Cone,* for Plaintiffs in Error;

*Mabry, Reaves & White,* for Defendant in Error.

BUFORD, C.J.—In this case the defendant in error sued the plaintiffs in error as owners and holders of the capital stock of The Franklin Bank on a stock assessment made

by the Comptroller in process of liquidation of the affairs of The Franklin Bank, which had become insolvent.

The defense interposed was that the assessment could not be enforced against Citizens Bank & Trust Company or the liquidator thereof, because the acquisition of the capital stock of The Franklin Bank by Citizens Bank & Trust Company was ultra vires and the obligation created by the statute and the assessment therefor non-enforceable.

The plaintiffs contended that inasmuch as Citizens Bank & Trust Company was created by a special act of the Legislature, to-wit Chapter 4460, Acts of 1895, section 11 of which Act provided:

"That said corporation shall have right to acquire shares of the capital stock of any duly incorporated company, and manage the affairs of any such company upon obtaining a majority of shares of said company",

this Bank was not precluded from acquiring the capital stock of The Franklin Bank under the provisions of chapter 7269 Acts of 1917, and contended furthermore that if the provisions of the Act of 1917 prohibiting the acquisition of capital stock of other corporations by any banking corporation organized under the laws of the State of Florida applied to Citizens Bank & Trust Co., that such inhibition was overcome by the provisions of chapter 8874, Special Acts of 1921.

That Citizens Bank & Trust Company, the institution here involved, did not possess immunity from the provisions contained in chapter 7269 Acts of 1917, is definitely settled by the opinion and judgment of this Court in the case of State ex rel. Davis, Attorney General vs. Knight, 98 Fla. 891, 124 Sou. 461, in which this Court speaking through Mr. Justice Ellis said:

"There is no merit in the point that the Citizens Bank & Trust Company possessed any immunity from State regulation and that it may conduct its business free from any supervisory regulation by legislative author-

ity because its charter consists of a special act of the Legislature.

'Banks are indispensable agencies through which the industry, trade and commerce of all civilized countries are carried on. The business which they transact, though for private profit, is of a pre-eminently public nature and is therefore universally recognized as a proper subject of legislative regulation under the police power of the State'. A banking corporation is quasi-public in character and as such is subject to statutory regulation for the protection of the public. See McLaren vs. State, 141 Wis. 577, 124 N. W. R. 667, 135 A. S. R. 55, and note, 18 Ann. Cas. 826; Noble State Bank v. Haskell, 219 U. S. 104, 55 L. Ed. 112, 31 Sup. Ct. R. 186, Ann. Cas. 1912 A. 487; 32 L. R. A. (N. S.) 1062; Bryan v. Bullock, supra.

No principle is better settled than that a special charter to any corporation to engage in a business of a public or quasi-public nature cannot be set up as exempting the institution from that regulation by the State in the exercise of its police power which the public necessity demands. See State ex rel. Triay vs. Burr, 79 Fla. 290, text 352, 84 So. R. 61.''

Section 25 of Article III of our constitution as amended by Joint Resolution No. 2, Acts of 1899, adopted at the general election of 1900, provides as follows:

''The Legislature shall provide by general law for incorporating such educational, agricultural, mechanical, mining, transportation, mercantile, and other useful companies or associations as may be deemed necessary; but it shall not pass any special law on any such subject, and any such special law shall be of no effect; Provided however, that nothing herein shall preclude special legislation as to a university or the public schools, or as to a ship canal across the State.''

Therefore, the provisions of chapter 8874, Special Acts of 1921, cannot confer any special charter rights or privileges on Citizens Bank & Trust Company and that part of such Act which attempted to re-enact by confirmation of the rights, powers and privileges granted to that corporation by Chapter 4460, Laws of 1895, was void and of no

effect, being in conflict with the organic law in that regard.

In the City of Tampa vs. Tampa Waterworks Company, 45 Fla. 600, 34 Sou. 631, this Court, speaking through Mr. Justice Carter, discussing the provisions of section 30, article XVI of the Constitution, said:

> "This provision was considered and partially construed in State ex rel Lamar v Jacksonville Terminal Company, 41 Fla. 377, 27 South. Rep. 225. It was there said that 'it does not purport to confer a power or to point out the manner in which a power shall be exercised. The section was inserted in response to a popular demand for some provision upon the subject. It does not grant the legislature a power. It expressly recognizes a power and declares that it does exist. The provision is a specified declaration that the power exists in the legislature to be exercised at any time, and because of its importance and possibly to guard against the misinterpretations of other provisions to impair or deny the power, it was specifically mentioned and declared in the constitution'. The power mentioned in this section is full power; a continuing, ever present power. Being irrevocably vested by this section the legislature cannot divest itself of it. Neither can it bind itself by contract, nor authorize a municipality—one of its creatures—to bind it by contract, so as to preclude the exercise of this power whenever in its judgment the public exigencies demand its exercise. Full power cannot exist, if by contract that power can be curtailed or impaired. Without this section the power to regulate rates would exist under the general grant of legislative power, in section 1, article III, but such power could be surrendered by a contract made by the State or by a municipal by its authority. With this section in force the power to surrender by contract the right to regulate rates is taken away, for the authority to surrender cannot co-exist with the ever-present continuing power to regulate, which is declared by this section to exist in the legislature. The section in question does not operate to prevent the legislature from making contracts itself nor from authorizing municipalities to make them and in and by such contracts stipulating for certain rates which will be valid and binding obligations so long as the legislature does

not exercise or authorize municipalities to exercise the power to prevent excessive charges which is declared by the section to be vested in the legislature. But every charter granted and every contract made by the legislature, or by a municipality under its authority are accepted and made subject to and in contemplation of the possibility of the subsequent exercise of the power to prevent excessive charges which by this section is unalterably and irrevocably vested in the legislature. The section not only becomes a part of every such contract, as much so as if written therein, but by implication it denies the authority of the legislature to bind itself either by a contract of its own making, or one made by a municipality under its authorization, not to exercise the power thereby recognized whenever in its wisdom it should think necessary so to do."

We must, therefore hold that Citizens Bank & Trust Company not only had no authority to acquire the capital stock of another bank, but its act in doing so was in direct violation of law, all of such stock having been acquired subsequent to the Act of 1917. Not only was the act in violation of law, but it was condemned by statute as a crime and of this The Franklin Bank is charged with full and complete knowledge.

The next question to be determined is whether or not when the act of Citizens Bank & Trust Company in acquiring the stock was ultra vires, the bank can now be held to pay the amount of the assessment based on the ownership of that stock.

In Lassiter & Co. vs. Taylor, 99 Fla. 819, 128 Sou. 14, in an opinion written by Mr. Commissioner Davis, this Court said, quoting with approval from Berka vs. Woodward, 125 Cal. 199, 57 Pac. 777:

"This then, is the undoubted rule, that, when a contract is expressly prohibited by law, no court of justice will entertain an action upon it, or upon any asserted rights growing out of it. And the reason is apparent; for to permit this would be for the law to aid in its own undoing. Says the Supreme Court of the United States in President, etc. vs. Owens, 2 Pet. 527: 'No court of

justice can in its nature be made the handmaid of iniquity. Courts are instituted to carry into effect the laws of the country. How can they become auxiliary to the consummation of violations of law? There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is itself illegal.' And again the same august tribunal, in Coppell v Hall, 7 Wall. 542, says: Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract and void for the same reasons.

'Where the contamination reaches it destroys. The principle to be extracted from all the cases is that the law will not lend its support to a claim founded on its own violation' ''.

In Escambia Land & Mfg. Co. vs. Ferry Pass Inspectors, etc., Association, 59 Fla. 239, 52 Sou. 715, it was said: ''Courts will take notice of their own motion, of illegal contracts which come before them for adjudication, and will leave the parties where they placed themselves.'' To like effect is Stewart vs. Stearns and Culver Lbr. Co., 56 Fla. 750, 48 Sou. 19.

There appears to be no statutes prohibiting National banks from holding stock in other corporations, yet because National banks are not specifically authorized to hold stock in other corporations the Supreme Court of the United States has repeatedly held that a National Bank can not lawfully purchase and hold the stock of another corporation as an investment and in case of such an actual purchase by a National bank it is not estopped to deny its liability as an apparent stockholder on assessment of such stock ordered by the Comptroller of the Currency. See First National Bank of Concord vs Hawkins, 174 U. S. 364, 43 Law. Ed. 1007; Cal. National Bank vs Kenedy, 167 U. S. 362, 42 Law Ed. 198; Shaw vs. National German American Bank of St. Paul, 199 U. S. 603, 50 Law Ed. 328; Scott

vs. DeWeese, 181 U. S. 202, 45 Law Ed. 822; First National Bank of Ottawa vs. Converse, 200 U. S. 425, 50 L. Ed. 537.

Section 2 of Chapter 7269, Acts of 1917, brought forward as section 4152 R. G. S., 6084 C. G. L., provides in part as follows:

> "It shall be unlawful for any bank or trust company organized under the laws of this State and doing business in this State, to directly or indirectly invest any of the funds of said bank or trust company in stock of any incorporated company in this State or elsewhere, except the stock of the Federal Reserve Bank of this district;"

As under the provisions of this statute a bank or trust company is prohibited from either directly or indirectly investing its funds in the capital stock of any other corporation except in the Federal Reserve Bank of this district, it is immaterial whether Citizens Bank & Trust Company acquired the stock by direct purchase or acquired it by reason of having accepted it as security for a loan and the act of the Bank was ultra vires and void and the liquidator of The Franklin Bank can not enforce the payment of the stock assessment made by the Comptroller on the capital stock so held by Citizens Bank & Trust Company.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., concurs specially.

DAVIS, J., disqualified.

BROWN, J., (Concurring specially) :—I hardly think the Act of 1921, Chapter 8874, was entirely void and of no effect, by reason of being in conflict with Sec. 25 of Art. III of the Constitution, if indeed the opinion of the Chief Justice can be so construed. I concur in the holding, however, that the Act of 1921, being a Special Act, could not, under the constitutional provision referred to, confer any new charter powers upon the bank. And inasmuch as the original charter power to invest its funds in the stock of

other corporations had been repealed by the Act of 1917, that power could not be revested by the Special Act of 1921 without conflicting with said constitutional provision. In all other respects I concur fully in the opinion of the Chief Justice.