322 So.2d 630 (1975)
D & L HARROD, INC., Successor in Interest to Harrod Brothers Trucking, Inc., Appellant,
v.
U.S. PRECAST CORPORATION, Appellee.
No. 74-1732.
District Court of Appeal of Florida, Third District.
November 25, 1975.
John P. Bond, Miami, for appellant.
Worley, Gautier & Sams, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and PIERCE, WILLIAM C., Associate Judge.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks reversal of a final judgment entered against it in an action for damages.
In August, 1973, the predecessor in interest to appellant, Harrod Brothers Trucking, Inc., entered into a contract with appellee, defendant in the trial court, for the local truck hauling, i.e., hauling within the State of Florida, of appellee's manufactured products. Harrod Brothers Trucking, Inc., began operating and hauling pursuant to said contract. Subsequently, in December, 1973, a new contract was entered into between appellant and appellee for the same services. This new contract was identical to the first contract, except the corporate name of Harrod Brothers Trucking, Inc., was changed to D. & L. Harrod, Inc., appellant herein, which continued hauling operations for appellee.
The record indicates that an application was filed by Harrod Brothers, Inc., with the Florida Public Service Commission pursuant to Chapter 323, Fla. Stat., F.S.A., *631 for a contract carrier's certificate to authorize it to engage in the hauling operations contracted for with appellee. The record further indicates that the State of Florida has not issued such certification to appellant.
The gravamen of appellant's action for damages in the trial court was that appellee had breached its contract with appellant by failing to give the 160 day cancellation notice, as required by the contract. Appellant sought damages for the loss of profits for the 160 day period. It is from the judgment of the trial court denying the claim for damages that appellant appeals.
The basic question for this court to decide is whether or not the contract between the parties is contrary to the public policy of this state and therefore unenforceable. This question we answer in the affirmative.
When a statute declares it to be unlawful to perform certain acts without first obtaining a license permitting the performance of such acts and imposes a penalty for the violation thereof, or where the statute prohibiting certain acts is enacted for the protection of the public, contracts made for the performance of such acts without first obtaining the appropriate license, are unenforceable. Edwards v. Trulis, Fla.App. 1968, 212 So.2d 893; 30 A.L.R. 834. The contract sub judice is one for transporting manufactured products by motor vehicle over the roads and highways of the State of Florida, the authorization for which is subject to the approval by certification of the Florida Public Service Commission under Chapter 323, Fla. Stat., F.S.A. Here, such certification was never obtained by appellant. In fact, appellant was arrested on at least two occasions for operating without such certification.
The enactment of Chapter 323, Fla. Stat., F.S.A., was for the protection of the public. State ex rel. Fohl v. Karel, Fla. 1937, 180 So. 3; § 323.25, Fla. Stat., F.S.A. Section 323.35, Fla. Stat., F.S.A., provides that violation of the provisions of Chapter 323 constitutes a misdemeanor of the first degree.
In our opinion, since appellant was not properly certificated by the State Public Service Commission to engage in the trucking activities contracted for with appellee, the contract sought to be enforced by appellant is contrary to the public policy of this state and therefore unenforceable. There is no legal remedy for that which is illegal itself. Local No. 234, etc., v. Henley & Bechwith, Inc., Fla. 1953, 66 So.2d 818; Citizens Bank & Trust Co. v. Mabry, 1931, 102 Fla. 1084, 136 So. 714; Robert G. Lassiter & Co. v. Taylor, 1930, 99 Fla. 819, 128 So. 14; Gonzalez v. Trujillo, Fla. App. 1965, 179 So.2d 896.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated.
Affirmed.