PER CURIAM.
This is an appeal by plaintiff John Oc-chuizzo from a final judgment of the Circuit Court in and for Dade County, Florida determining the ownership of a thoroughbred race horse named Libra Moon, and the right of the defendant/counterclaimant Vivian De Costa to partition.
The judgment being appealed by the plaintiff provides, in pertinent part, as follows:
THIS CAUSE having come on for final hearing pursuant to notice, and the parties having appeared, and the Court having examined the pleadings and exhibits, and having heard the testimony, and having evaluated the weight and credibility to be given to the testimony, and having heard argument, and the Court being of the opinion that this cause should be finally adjudged and decreed,
*1061 NOW, THEREFORE, it is
ORDERED, ADJUDGED and DECREED as follows:
1) Each of the foregoing recitals is incorporated into the decretal portion hereof.
2) This Court has jurisdiction over the subject matter of this cause and of the parties hereto.
3) It affirmatively appears that the Plaintiff, JOHN OCCHUIZZO, has succeeded to all of the right, title and interest of the Plaintiff, DICK FUHR, by virtue of an assignment by FUHR to OCCHUIZZO.
4) This case arises out of the ownership of a registered thoroughbred colt named LIBRA MOON. The Defendant DE COSTA, who is an authorized agent for the purchase of thoroughbred horses, purchased LIBRA MOON at auction sale for the account of the Defendant PERL-MUTTER and the Defendant PERL-MUTTER thereafter became the registered owner of LIBRA MOON. Thereafter, PERLMUTTER caused a V2 interest in LIBRA MOON to be conveyed to the Defendant [sic] OCCHUIZZO and PERLMUTTER and OCCHUIZZO thereafter became the registered owners of LIBRA MOON, each with a lk interest.
5) Subsequently, the Defendant PERL-MUTTER became ill and matters of dispute arose as between OCCHUIZZO and PERLMUTTER respecting monies due from PERLMUTTER to OCCHUIZZO for and on account of the horse. There had been negotiations between the parties, PERLMUTTER and OCCHUIZZO, and DICK FUHR respecting the purchase by FUHR of a V2 interest in the horse for the sum of $33,500.00. In fact, PERL-MUTTER received a check for $3,350.00 representing a 10% down payment on that transaction which was never consummated.
6) As a result of telephone conversations between PERLMUTTER and Walter Blum, the State Steward, respecting the transfer of PERLMUTTER’S xk interest in LIBRA MOON to OCCHUIZZO, Blum purportedly acting as agent for PERLMUTTER on PERLMUTTER’S oral authority, caused a Bill of Sale to be executed in PERLMUTTER’S name, place and stead, transferring PERLMUT-TER’S V2 interest in the horse to OC-CHUIZZO. OCCHUIZZO’S position, as stated to the Court with respect to consideration for this transfer, was that consideration was the forgiveness of approximately $7,000.00 of indebtedness due from PERLMUTTER to OCCHUIZZO, as well as an agreement by OCCHUIZZO that he would not report PERLMUT-TER’S alleged illegal activities to the Racing Commission. PERLMUTTER’S position is that the horse was to be transferred only as security for the $7,000.00.
7) After the execution of the Bill of Sale by Blum, PERLMUTTER thereafter, within a very short period of time, made, executed and delivered to DE COS-TA a Bill of Sale in usual form signed by PERLMUTTER and sworn to before a Notary Public which transferred PERL-MUTTER’S V2 interest in the horse to DE COSTA in exchange for $7,000.00. DE COSTA presented that Bill of Sale to the State Steward who reached a judgment that they would invalidate the Bill of Sale executed by Blum and recognize the Bill of Sale executed by PERLMUTTER to DE COSTA which was, in fact, done so that the registered owner of LIBRA MOON became OCCHUIZZO as to V2 and DE COSTA as to V2. DE COSTA was at that time apparently in possession of the funds to pay the $7,000.00 owed to OC-CHUIZZO but this was not accomplished since apparently OCCHUIZZO did not accept or wish to accept those funds.
8) OCCHUIZZO has sued to invalidate the DE COSTA Bill of Sale and to compel a reconveyance on the record so that the entire ownership of the horse, LIBRA MOON, will be in himself. DE COSTA has counter and cross-claimed for an af-firmance of the Bill of Sale to her and for partition of the animal. Based upon the record, it appears that the equities of these claims are with DE COSTA and against OCCHUIZZO. The Bill of Sale *1062 executed by the State Steward was clearly one out of the ordinary course of practice with respect to the transfer of these animals. The transfer further did not comply with the rules respecting the appointment of agents to transfer thoroughbred horses and the transaction between OCCHUIZZO and PERLMUTTER which led to the making of that Bill of Sale appears to have been founded at least in part upon a consideration which would render the contract unenforceable and contrary to the public policy of the state. The claim of OCCHUIZZO against DE COSTA therefore, is denied and dismissed with prejudice and the CounterClaim of DE COSTA against OCCHUIZ-ZO be and the same is hereby granted and OCCHUIZZO and DE COSTA be and they hereby are confirmed as joint V2 owners of the thoroughbred colt LIBRA MOON. The request of DE COSTA for partition be and the same is hereby granted and the horse will be partitioned pursuant to subsequent order setting forth the mechanics thereof to be entered. The Court reserves on the question of attorney’s fees and costs in connection with the partition. The entry of the Order of Partition shall be stayed pending a timely appeal by the Plaintiff OCCHUIZZO and the determination thereof by the Appellate Court with the horse to remain in the receivership previously established by this Court for it under the same terms and conditions.
9) With respect to the claim of OC-CHUIZZO against the defendant PERL-MUTTER, the Court finds that the Defendant PERLMUTTER is indebted to the Defendant OCCHUIZZO in the amount of $6,918.40, together with interest thereon from the date of filing this action in the amount of $461.22 for a total sum of $7,379.62 for which sum let execution issue.
10) This Court reserves jurisdiction over this cause to make such other and further Orders and Decrees as may be necessary to effectuate the provisions of this Decree.
The sole point for our consideration in this appeal is whether the trial court erred in confirming the claimed interest of De Costa in Libra Moon and ordering the horse partitioned.
We have carefully considered appellant’s point on appeal in the light of the record, briefs and arguments of counsel and have concluded the trial court ruled correctly and should be affirmed. Johnston v. Allen, 22 Fla. 224 (1886); Citizens’ Bank & Trust Co. v. Mabry, 102 Fla. 1084, 136 So. 714 (1931); Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601 (1968); §§ 64.051, 64.071, 64.091, Fla.Stat. (1981); Fla.Admin. Code Rule 7E-1.19(1). Accordingly, the judgment appealed is affirmed.
Affirmed.