RYDER, Chief Judge.
Victor E. Spiro, D.D.S., appellant, is a dentist licensed to practice in Florida. The appellant has special training in the field of general, nondental anesthesia but is not licensed for medical practice.
In April 1983, the dentist applied for staff privileges as a general anesthesiologist with appellee Highlands General Hospital. The Hospital questioned whether a dentist with an educational background in anesthesiology is qualified to practice general, nondental anesthesia in a hospital setting without a medical license. The Hospital inquired with the Florida Board of Dentistry regarding this eligibility question. The Board’s attorney informed the Hospital that there was no law permitting or prohibiting dentists as a class from practicing nondental anesthesiology and that the Board would issue declaratory statements permitting this practice in appropriate cases. Both the Hospital and Dr. Spiro interpreted this answer from the Board to mean that it was not illegal for the dentist to practice general, nondental anesthesia. Without questioning the jurisdictional authority of the Board of Dentistry, the parties relied upon this Board response and entered into a contract.
The contract established that the dentist would provide anesthesia services on behalf of the Hospital in return for staff privileges. The contract did not confer upon the appellant hospital employee status, nor a salary. However, as an inducement to get the dentist to relocate to Highlands County, the Hospital guaranteed him a gross income of $100,000.00 for the first year.
*803 The agreement between the parties was conditioned upon the dentist complying with Hospital bylaws which, among other things, required that Dr. Spiro as a staff member obtain appropriate licensure for his practice of general anesthesia. It was also understood that Dr. Spiro would have to have a medicare provider number for hospital payment reimbursement.
Dr. Spiro began anesthesia services in June 1983. However, Blue Cross/Blue Shield denied the Hospital’s request for medicare reimbursement for the dentist’s services as a general anesthesiologist for lack of proper medical licensing. Again, the Board of Dentistry was contacted for their help in resolving this matter. The Board replied by sending a copy of a declaratory statement they had issued regarding another dentist, Dr. Hunter, which stated that there was nothing in the Dental Practice Act which made it illegal for a dentist to practice general anesthesia in Florida.
Nevertheless, Blue Cross/Blue Shield continued to refuse to provide Dr. Spiro a provider number for reimbursement purposes. Consequently, it was evident that Dr. Spiro had a licensure problem. In September 1983, the Hospital requested that Dr. Spiro refrain from taking any other cases until the problem was corrected and he had his medicare provider number. During the time of the appellant’s anesthesia practice, there were no eventful occurrences.
In October, Dr. Spiro requested and received a declaratory judgment from the Board of Dentistry regarding this matter. The judgment stated that there was nothing in the Florida Dental Act which prohibited a qualified dentist from practicing general anesthesia. However, it did not make an affirmative authorization for Dr. Spiro to practice anesthesia.
In February 1984, without obtaining a medicare provider number, Dr. Spiro filed a three-count complaint against appellee Hospital. The complaint petitioned for damages and other relief based upon promissory estoppel, breach of contract, and quantum meruit. Subsequently, an amended complaint was filed adding another count, Count IV, which requested the reinstatement of appellant’s staff privileges.
The circuit court held that a dentist may not practice that branch of medicine known as general anesthesiology in a hospital setting, and granted a summary judgment of dismissal as for Count IV, the request for staff privileges reinstatement. Further, the circuit court issued an order ruling that the Hospital acted properly when it prohibited Dr. Spiro from continuing his unlawful practice of general anesthesia. The circuit court found, based on Rush v. City of St. Petersburg, 205 So.2d 11 (Fla. 2d DCA 1967), that the contract in question was illegal because it sanctions the unauthorized practice of medicine. Consequently, neither party breached the void contract and relative damages could not be obtained. The court also determined that neither party was unjustly enriched at the expense of the other so quantum meruit was not a recovery basis. Finally, the court ruled that since the purpose of the contract had been frustrated by the determination of contract illegality, there could be no entitlement of damages.
Dr. Spiro appeals the summary judgment dismissing Count IV and the order which denied damages. After careful review, we affirm the circuit court’s rulings.
A dentist cannot practice the art of medicine without a medical license, despite a specific training in a field of medicine, anesthesiology in this case, which is, nevertheless, short of the required training necessary to obtain a medical license. The appellant does not have a medical license and, therefore, cannot practice anesthesia in a medical form.
The legislature and the Board of Medicine have determined that, regardless of one’s expertise or qualifications, one must be a licensed physician in order to practice medicine. The Medical Practice Act establishes in sections 458.311 and 458.313, Florida Statutes (1985), the minimum requirements for acquisition of a medical license. *804 The purpose of these minimum requirements is set forth in section 458.301, which states that:
The Legislature recognizes that the practice of medicine is potentially dangerous to the public if conducted by unsafe and incompetent practitioners. The Legislature finds further that it is difficult for the public to make an informed choice when selecting a physician and that the consequences of a wrong decision could seriously harm the public health and safety. The sole legislative purpose in enacting this chapter is to ensure that every physician practicing in this state meet minimum requirements for safe practice. It is the legislative intent that physicians who fall below minimum competency or who otherwise present a danger to the public shall be prohibited from practicing in this state.
It is evident that the anesthesiology desired to be practiced by the appellant is nondental in nature. Section 466.003(3), Florida Statutes (1985), explicitly limits the practice of dentistry to “the healing art which is concerned with ... conditions within the human oral cavity and its adjacent tissues and structures.... ”
Moreover, there are limitations placed on dentists regarding the administration of anesthesia as set forth in chapter 21G-14.-04(4), Florida Administrative Code. This rule restricts the dental practitioner’s administration of anesthesia to that which is dental related. Further, section 466.017(1), Florida Statutes (1985), provides that a dentist "... shall have the right to ... administer general or local anesthesia or seda-tion_” which must be read in the context of the express limitation on a dentist’s practice, i.e., the human oral cavity and its adjacent tissues and structures. When read in context, it is clear that section 466.017 merely relates to the nature of anesthetic agents a dentist may administer in the course of his dental practice. Thus, in light of section 466.003(3), the use of anesthesia by a dentist is necessarily limited to the practice of dentistry.
We also note that the attorney general has issued an opinion in 1957-58, Op. Atty. Gen. Fla. 058-336 (Dec. 16, 1958) at 923, which states:
A licensed dentist may only practice medical anesthesia in connection with the practice of dentistry, as to practice medical anesthesia as a specialty would be to engage in a specialized field embraced in the practice of medicine for which he does not hold a license.
The attorney general supplemented this opinion in Op. 059-6 dated January 15, 1959, by specifying that:
It is further my opinion that no amount of hospital training or education in anesthesiology would cure the “legal disability” of a licensed dentist to administer anesthetics “as an independent enterprise.”
1958-60 Op. Atty. Gen. Fla. 059-6 (Jan. 15, 1959) at 20.
In that it is illegal for a dentist to practice general, nondental anesthesia and the contract in question requires such, the contract is illegal by nature. Therefore, the trial court’s denial of contract damages was proper. “When a statute declares it to be unlawful to perform certain acts without first obtaining a license permitting the performance of such acts and imposes a penalty for the violation thereof, or where the statute prohibiting certain acts is enacted for the protection of the public, contracts made for the performance of such acts without first obtaining the appropriate license, are unenforceable.” D & L Harrod, Inc. v. U.S. Precast Corp., 322 So.2d 630, 631 (Fla. 3d DCA 1975). Further, “there is no legal remedy for that which is illegal itself.” Id. at 631.
Therefore, appellee could not legally staff the appellant for anesthesia services due to the inadequate licensing of appellant, which made the contract illegal, ab initio. It frustrated the very purpose of the contract, which was to have the appellant perform such services in consideration of Hospital staff privileges. Because the contract is unenforceable due to its illegality, the appellee could not have breached *805 the contract and, therefore, the appellant cannot recover any damages relative to a breach.
As for the promissory estoppel and quantum meruit arguments, they are meritless and need not be addressed.
We affirm the trial court’s judgment on both granting summary judgment as to appellant’s Count IV, so as to dismiss appellant’s request for reinstatement of staff privileges, and the judgment denying appellant’s request for contract damages.
GRIMES and SCHEB, JJ., concur.