**FIGA and Ranger Insurance Company, Plaintiffs,**

v.

**R.V.M.P. CORP., d/b/a B.J.'s Seaside Restaurant, Defendant.**

No. 82–8433–Civ.

United States District Court, S.D. Florida, Miami Division.

March 8, 1988.

Paul Butler, Tampa, Fla., for plaintiffs.

Ron Fitzgerald, Ft. Lauderdale, Fla., for defendant.

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

JAMES LAWRENCE KING, Chief Judge.

Before the court is defendant's motion for attorney's fees. The court ordered both sides to submit affidavits concerning the amount of fees to be awarded. Both sides have submitted detailed affidavits. After reviewing these papers and the record, the court awards $179,123 in attorney's fees.

In a diversity case, awards of attorney's fees are governed by applicable state law. *See Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir.1980); *see also Blasser Brothers, Inc. v. Northern Pan American Line*, 628 F.2d 376 (5th Cir.1980). Because this is a diversity case arising under Florida law, Florida law determines whether attorney's fees should be awarded here. Fla.Stat.Ann. § 627.428(1) (West 1984) authorizes the award of attorney's fees in this insurance case. This section provides that a court shall award a reasonable sum to compensate the insured's attorney for pros-

ecuting the suit when a judgment is entered against the insurer in favor of the insured. Fla.Stat.Ann. § 627.428(1). The defendant prevailed in this action against its insurer.

In *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985), the Florida Supreme Court established sufficient guidelines for the setting of attorney's fees. The *Rowe* court essentially adopted the federal lodestar approach. The *Rowe* court urged the utilization of the criteria set forth in the former Disciplinary Rule 2–106(B) of the Florida Bar Code of Professional Responsibility, which is now codified in the Rules Regulating the Florida Bar. *See The Florida Bar Re Rules Regulating the Florida Bar*, 494 So.2d 977 (Fla.1986). These factors are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

*Id.*

The *Rowe* court established a three-part methodology to apply these factors. The first step is for the court to calculate the number of hours reasonably expended on the litigation. The Florida Supreme Court found that this requires the moving party to submit accurate records. *Id.* The court also found that the number of hours expended usually indicates the novelty and difficulty of the issues presented. *Id.*

The second step is for the court to determine a reasonable hourly rate. In so doing, the court should consider all factors but the time and labor required, the novelty and difficulty of the questions involved, the results obtained, and whether the fee arrangement was fixed or contingent. *Id.* at 1151. The court should then multiply the reasonable hours by the reasonable hourly rate to determine the appropriate lodestar multiple. *Id.*

The third step requires further analysis. The court must determine whether the lodestar amount should be increased or decreased based on a contingency risk factor or the results obtained. The *Rowe* court found that when a statute directs an award of reasonable attorney's fees, the court must consider an appropriate contingency risk multiple. The multiples range from 1.5, where success is more likely than failure at the outset, to 2, where the chances of success at the outset are even, to 2.5–3, when the chances of success are unlikely at the time the case was initiated. *Id.* The results obtained factor may provide a basis for reducing the lodestar amount when the party prevails on some claims but not all. *Id.* If this factor is applicable, a court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims. *Id.*

The court now follows the *Rowe* analysis. To determine the appropriate figures, the court will rely upon the affidavits submitted as well as these depositions that have been filed.

The calculation of the reasonable amount of hours expended on this case is not all that straightforward. The defendant maintains that the lead counsel, Ronald Fitzgerald, expended 745.89 hours on this case, and his associates spent 294.5 hours. The plaintiffs contend that these hours expended are reasonable, and the court concurs.

The plaintiffs, however, make two additional arguments. The first is that these hours should not be increased to reflect the

work done by paralegals and law clerks before October 1, 1987. The second argument is that the amount of hours should be reduced because the defendant was not successful on two of his counterclaims. The court now addresses these issues.

■ The plaintiff is correct in maintaining that paralegal and law clerk time billed before October 1, 1987, cannot be considered in the setting of attorney's fees. Paralegal and law clerk time after October 1, 1987, can be included in the setting of attorney's fees. This conclusion results from House Bill 535, 1987 Fla.Laws 87–260, which provides that the computation of attorney's fees shall include the legal assistants' time billed.

The court specifically notes that the statute has application to the billing of time both by law clerks and paralegals. The statute refers generically to all legal assistants who contributed meaningful legal support to a matter and who were working under supervision of an attorney. 1987 Fla.Laws 87–260. The statute defines legal assistants as "one working under the supervision and direction of a licensed attorney who engages in legal research and case development or planning in relation to modifications or initial proceedings." *Id.* This phrasing indicates the statute's application to the time of law clerks and paralegals calculated for work performed after October 1, 1987.

The defendant's records reveal that seven hours of paralegal time was billed on this case after October 1, 1987. Similarly, the defendant's records indicate that five hours of law clerk time was billed. These twelve hours should be added to the amount of hours already calculated, producing a total of 1,052.39 hours.. The court considers this to be a reasonable number of hours expended for this litigation.

■ This total should not be reduced because the successful and unsuccessful claims here cannot be separated. The

*Rowe* court emphasized that both the investigation and prosecution of the unsuccessful claims needed to be separated from those of the successful claims in order to exclude the time spent on the unsuccessful claims from the overall hourly calculation. *Rowe*, 472 So.2d at 1151. Although the defendant voluntarily dismissed two of the counterclaims, the time expended for these claims should be included in the reasonable number of hours expended. In essence, this was a breach of a fire insurance contract case. The counterclaims that the defendant voluntarily dismissed were for bad faith and fraud. In its investigation of the bad faith and fraud claims, the defendant necessarily discovered evidence that would help him in the breach of contract claim. Thus, while the prosecution of these claims is easily separated, the investigation aspects are not and, thus, both requirements of the *Rowe* analysis are not satisfied for separation here.

The court will now calculate a reasonable hourly rate. The parties valued the time expended on this litigation differently. The defendant values lead counsel Fitzgerald's time at $200 per hour, while the plaintiffs value it at $125. The defendant values the associates' time at $125 per hour, while the plaintiffs value it at $75. Both parties value the paralegal time at $35 per hour, and neither side values the law clerks' time.

■ The court considers $200 per hour to be a reasonable rate for Mr. Fitzgerald's time.[1] As the affidavits indicate, he has vast experience in prosecuting and defending arson cases. His handling of this matter was very professional. He zealously represented his clients. This figure is also commensurate with compensation of similar attorneys in this district.

The court finds the figure of $100 per hour to be a reasonable rate for Mr. Fitzgerald's associates. This rate is consistent with the current rate for second-, third-,

---

1. The court believes that current rates should be used to value the services provided here. This case is currently six years old, and the use of current rates as opposed to historical rates allows an appropriate adjustment for inflation.

*See Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1096 n. 26 (5th Cir.1982), *overruled in part on other grounds,* 790 F.2d 1174 (5th Cir.1986).

and fourth-year associates performing similar services in this district.

With respect to the paralegal rate and the law clerk rate, the court finds a rate of $35 per hour and $50 per hour to be reasonable. The current rate for paralegal services in this district on this type of case is about $35 per hour. Similarly, the current rate for law clerks working on this type of litigation is $50 per hour. Thus, these figures are reasonable.

The court now calculates the lodestar. The partial lodestar for Mr. Fitzgerald's time is 745.89 hours multiplied by $200 per hour for a total of $149,178. The partial lodestar for Mr. Fitzgerald's associates is 294.5 hours multiplied by $100 per hour equals $29,450. The partial lodestar for Mr. Fitzgerald's law clerks is five hours multiplied by $50 per hour, or $250. The partial lodestar for Mr. Fitzgerald's paralegals is seven hours multiplied by $35 per hour for a total of $245. The court adds these sums together to calculate the lodestar, which is $179,123.

■ The court will not increase the lodestar by a contingency risk factor.[2] This conclusion is reached through an analysis of the contingency fee arrangement in this case.

Mr. Fitzgerald contends that he had a contingency fee arrangement in this case. The terms of this proposed arrangement were that Mr. Fitzgerald was to receive one-third of the amount recovered and if no amount was recovered, his client would pay the costs, but not the fees, of the litigation. The terms of this arrangement are spelled out in Mr. Fitzgerald's deposition which plaintiffs filed.

The deposition of Mr. Fitzgerald also indicates this agreement was never committed to writing. Throughout his deposition,

Mr. Fitzgerald characterizes this arrangement as a verbal agreement. He notes that a letter was sent from his office to his client indicating some of the terms of the arrangement, but not all.

■ Because this contingency fee arrangement was never reduced to a writing, it is an unconscionable contract. The Rules Regulating the Florida Bar, in particular Rule 4–1.5(D)(1), (2) (1987), provide that every lawyer who accepts a contingency fee arrangement must reduce the arrangement to a writing signed by the client and a lawyer for the law firm representing the client. This obviously is not the case here. Because the proposed arrangement violates this rule of professional responsibility, the contingency fee agreement here is unconscionable and, therefore, void. *See Citizens Bank & Trust Co. v. Mabry*, 102 Fla. 1084, 136 So. 714 (1931). Because the contingency fee arrangement here is unconscionable, the court will not apply a contingency risk factor. *See Aperm of Fla., Inc. v. Trans–Coastal Management Co.*, 505 So.2d 459 (Fla. 4th DCA 1987).

■ Even though the contingency fee arrangement here is void and no fixed fee contract existed, Mr. Fitzgerald is entitled to an award of attorney's fees equal to the quantum meruit of his services. *See Sohn v. Brockington*, 371 So.2d 1089 (Fla. 1st DCA 1979). If a contingency fee arrangement or any fee arrangement between a lawyer and client is void, the lawyer is entitled to receive a reasonable value or the quantum meruit of his services. *See Salter v. St. Jean*, 170 So.2d 94 (Fla. 3d DCA 1964). This should be the standard of an award of attorney's fees in this case.

■ Under traditional principles governing quantum meruit determinations, a

---

**2.** The court desires to note the award it would probably have given if a proper contingency fee arrangement existed. The parties have provided sufficient information for the court to reach this issue. The court believes a lodestar multiple here of 2.0 would be appropriate. The defendant's chances of success were about even. Defendant knew the overall evidence of arson was great, but also knew that the evidence implicating the insured was slight.

When applying this multiple to the lodestar, a figure of $358,246 is reached. The court could not properly award this amount under *Rowe. Rowe* warned that "in no case should the court-awarded fee exceed the fee arrangement reached by the attorney and his client." *See Rowe*, 472 So.2d at 1151. Accordingly, defendant's counsel could receive only one-third of the judgment, or $224,543.72.

court must determine the reasonable value of an attorney's services. *See Solar Research Corp. v. Parker,* 221 So.2d 138 (Fla. 1969). In this case the lodestar provides such a measure. The lodestar is based on a reasonable value for the reasonable number of hours expended in this case. Accordingly, an award of $179,123 is the reasonable value of services provided by Mr. Fitzgerald and his law firm in this case.

It is, therefore,

ORDERED AND ADJUDGED that the defendant's motion to tax attorney's fees be, and the same is hereby, GRANTED. Counsel for defendant is awarded $179,123 in attorney's fees.